Lin v. Barr

BIA
Nelson, IJ
A200 743 458

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand nineteen.

PRESENT:
 REENA RAGGI,
 PETER W. HALL,
 SUSAN L. CARNEY,
  *Circuit Judges.*

_____

YUE FENG LIN,
  *Petitioner,*

 v.                                          17-1962
                                             NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:      Gary J. Yerman, New York, NY.

FOR RESPONDENT:      Chad A. Readler, Acting Assistant
                     Attorney General; Jessica E.
                     Burns, Senior Litigation Counsel;
                     Rosanne M. Perry, Trial Attorney,
                     Office of Immigration Litigation,
                     United States Department of
                     Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Yue Feng Lin, a native and citizen of the People's Republic of China, seeks review of a May 24, 2017, decision of the BIA affirming the February 22, 2016, decision of an Immigration Judge ("IJ") pretermitting asylum, granting withholding of removal, and denying cancellation of removal. *In re Yue Feng Lin,* No. A200 743 458 (B.I.A. May 24, 2017), *aff'g* No. A200 743 458 (Immig. Ct. N.Y. City Feb. 22, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006).

**A. Asylum**

Under 8 U.S.C. § 1158(a)(2)(B), an alien is ineligible for asylum "unless the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the

2

United States."  An application may be considered outside the deadline "if the alien demonstrates . . . extraordinary circumstances relating to the delay," 8 U.S.C. § 1158(a)(2)(D), and the application is filed within a reasonable time, 8 C.F.R. § 1208.4(a)(4)(ii), (5). Extraordinary circumstances include, but are not limited to, serious illness, legal disability, ineffective assistance of counsel, maintenance of lawful status or a grant of parole, timely filing of an application rejected by the Service, and death or serious illness of legal representative or immediate family. *Id.* § 1208.4(a)(5)(i)-(vi).

Our jurisdiction to review the agency's findings regarding the timeliness of an asylum application and the circumstances excusing untimeliness is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see* 8 U.S.C. § 1158(a)(3). For jurisdiction to attach, such claims must be colorable. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d Cir. 2008).

Lin argues that the IJ failed to provide her an opportunity to testify about the extraordinary circumstances alleged in her asylum application—her status as a single

mother with financial difficulties. As the Government argues, we need not consider this argument, which Lin failed to exhaust on appeal to the BIA because she argued only that the IJ erred in rejecting her claim of extraordinary circumstances. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121-22 (2d Cir. 2007) (providing that we generally consider only those issues that were exhausted and formed the basis for the agency's decision); *Theodoropoulos v. INS*, 358 F.3d 162, 172 (2d Cir. 2004) (requiring exhaustion of constitutional issues where BIA could offer a remedy).

Moreover, Lin's argument is not colorable because the IJ provided Lin a full and fair opportunity to present her claim. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006) (providing that due process requires that an applicant receive a full and fair hearing that provides a meaningful opportunity to be heard). Lin was represented by counsel before the IJ, was aware of the timeliness issue, and was permitted to testify and present witnesses on any matter. Further, Lin does not identify what additional facts she would have provided to establish that extraordinary circumstances prevented her from filing her asylum application in the twelve

years between her entry into the United States and her application.

Accordingly, because Lin does not raise a colorable constitutional claim or question of law regarding the agency's pretermission of asylum, we lack jurisdiction to review that decision. *See* 8 U.S.C. § 1158(a)(3); *see also Barco-Sandoval*, 516 F.3d at 40-41.

## B. Cancellation of Removal

An alien, like Lin, who is not a permanent resident, may have her removal cancelled if she "(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application; (B) has been a person of good moral character during such period; (C) has not been convicted of [certain] offense[s] . . . ; and (D) establishes that removal would result in exceptional and extremely unusual hardship to [her] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1). The agency concluded that Lin satisfied all but the hardship requirement. Our jurisdiction to review the agency's conclusion that an

5

applicant failed to satisfy the hardship requirement is limited to colorable constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval*, 516 F.3d at 39-40.

Lin argues that the agency ignored and misconstrued evidence related to the hardship determination and that the BIA failed to consider her argument that the IJ violated due process. Lin's arguments are not colorable.

Lin argues that the agency mischaracterized the medical evidence in concluding that her daughter would not suffer the requisite hardship. Although the agency may commit an error of law if it ignores or seriously mischaracterizes material facts, *see Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), the IJ did not ignore or mischaracterize this evidence. A psychologist testified that Lin's daughter did not require medication for her abandonment issues, depression, and anxiety, and his and Lin's testimony established that Lin's daughter attended only five therapy sessions in four years. Accordingly, contrary to Lin's argument, the agency did not mischaracterize the evidence in concluding that her daughter did not require medication or receive regular therapy.

Likewise, Lin has no colorable claim that the agency failed to consider evidence that her removal would cause her husband and other children hardship. Neither Lin nor her husband testified that their children or Lin's stepson would suffer any specific hardship caused by her removal. And the agency acknowledged that Lin's husband testified that it would be difficult for him to work and take care of their children but concluded that such hardship was not exceptional or extremely unusual. Therefore, the agency did not ignore the impact her removal would have on her husband and children.

Finally, Lin's argument that the BIA failed to consider her due process claim is not colorable. The BIA explicitly considered and rejected Lin's contention that the IJ replaced the expert psychologist's opinion with her own and failed to consider Lin's husband's testimony regarding hardship.

Accordingly, because Lin's arguments are not colorable constitutional claims nor do they raise colorable questions of law, we lack jurisdiction to review the denial of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *see also Barco-Sandoval*, 516 F.3d at 40-41.

For the foregoing reasons, the petition for review is DISMISSED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe
                              Clerk of Court